UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCOS LEON, on Behalf of Himself and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> V. <br><br> EB ELITE POWER, LLC, D/B/A ELITE POWER, AND BRANDON M. MARTIN <br><br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. : 4:20-cv-2976 |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1. Defendants EB Elite Power, LLC d/b/a Elite Power, and Brandon M. Martin ("Defendants") required Plaintiff Marcos Leon ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendants misclassified Plaintiff and other similarly situated workers throughout the United States as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendants paid Plaintiff and all other similarly situated workers, straight time for overtime. In other words, Defendants paid its workforce the same hourly rate for all hours worked regardless of hours worked over 40 in a work week.

3. Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

1

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District because a Defendants do a significant portion of their business in this District and many of the wrongs herein alleged occurred in this District.

6. The Corporate Defendant is headquartered in Harris County, Texas.

7. EB Elite Power, LLC has its headquarters at 19631 Becker Road Unit B Hockley, TX 77447.

## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Leon is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A. Plaintiff performed work for Defendant within the last three years for which he did not receive the FLSA's required overtime.

9. The FLSA Class Members are all current and former electrical workers, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint.

10. Defendant EB Elite Power, LLC d/b/a Elite Power is a for profit limited liability company organized under the laws of Texas. Defendant may be served process through its registered agent Brandon Martin 15326 Knotty Chestnut St. Cypress, TX 77429.

11. Defendant Brandon Martin is the owner of Defendant EB Elite Power, LLC. He may be served at his residence or principal place of business of 15326 Knotty Chestnut St. Cypress, TX 77429 or wherever he may be found.

12. All Defendants are Texas residents.

## COVERAGE

13. In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that Plaintiff was engaged in commerce or employed by an enterprise engaged in commerce; (3) that Defendant failed to pay Plaintiff overtime/minimum wage; and (4) that Plaintiff is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C.,* Civil Action No. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

14. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez,* 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979)).

15. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

16. Both the individual and enterprise coverage are applicable in this case.

17. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

18. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19. Here, Defendants employed Plaintiff and the Class as part of their electrical business. Plaintiffs' and the Class Members' regular job duties consisted of labor using tools and other equipment that moved through interstate commerce.

20. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

21. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

22. In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiffs, are employees engaged in interstate commerce. Further, Defendants themselves engaged in interstate commerce because they order supplies across state lines, conduct business deals with merchants across state lines, advertise on the internet with companies based in other states, process customers' credit cards with banks in other states, and sell equipment that moved across state lines.

## FACTS

23. Defendant EB Elite Power, LLC is a full-service electrical company that services commercial clients.

24. Defendant operates throughout the state of Texas.

25. Defendant provides a variety of electrical needs and hires a variety of electricians.

26. Defendant Brandon Martin is the owner of EB Elite Power, LLC d/b/a Elite Power.

27. Defendant Martin is the managing member of EB Elite Power, LLC d/b/a Elite Power.

28. Defendant Martin is involved in the day-to-day business operation of Defendant EB Elite Power, LLC d/b/a Elite Power.

29. Defendant Martin controlled the Plaintiff's schedule.

30. Defendant Martin had final authority over the content of employee handbooks.

31. Defendant Martin approved Plaintiff's raises, bonuses, and compensation structure.

32. Defendant Martin had authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

33. Defendant Martin made the decision to classify Plaintiff as an employee.

34. Defendant Martin made the decision to pay Plaintiff an hourly rate.

35. Defendant Martin made the decision to pay Plaintiff straight time for overtime.

36. Defendant Martin made the decision not to pay Plaintiff any overtime.

37. Defendant Martin made the decision not to pay Class Members any overtime.

38. As such, Defendant Martin is the employer of Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

39. Plaintiff worked for Defendant as an electrician from approximately July of 2019 through July of 2020.

40. Plaintiff was responsible for assisting in the electrical work.  This included installing electrical cables, installing wall outlets and installing breaker boxes.

41. The work of an electrical worker involves a substantial amount of physical labor, including walking, crawling around, climbing ladders, lifting equipment, and transporting equipment.

42. Electrical workers commonly work in excess of 10 hours each day.

43. Plaintiff commonly worked more than 10 hours a day.

44. Plaintiff commonly worked at least five to seven days a week.

45. Electrical workers usually work five to seven days each week.

46. Electrical workers are paid an hourly rate for their labor and do not receive overtime for their work in excess of 40 hours per week.

47. Defendants paid Plaintiff an hour rate but did not pay him overtime.

48. Like the rest of Defendants' electrical workers, Defendant paid Plaintiff straight time for overtime.

49. By way of example, if Plaintiff worked a 20 hour week, he would be paid his hourly rate multiplied by 20 hours. If Plaintiff worked an 80 hour week, he would only be paid his hourly rate multiplied by 80 hours.

50. Plaintiff was an hourly paid employee.

51. Plaintiff's hourly rate was approximately $16.00 per hour.

52. No exemption in the FLSA law shelters Defendant from paying overtime to its electrical workers.

53. Electrical workers like Plaintiff do not supervise other employees or manage a customarily recognized department of Defendants' company.

54. Electrical workers have no authority to hire or fire other employees.

55. Electrical workers are field employees, not office employees. They perform work related to Defendants' core business, not the management of the company's operations.

56. The primary duty of an electrical workers does not require independent judgment or discretion. Instead, electrical workers are required to carry out their inspections according to detailed step-by-step procedures promulgated by Defendants or Defendants' customers.

57. Electrical workers are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

58. Despite these facts, Defendants misclassified its electrical workers as exempt from overtime pay.

59. As a result of Defendant" pay policies, Plaintiff and other electrical workers were denied overtime pay.

60. All of Defendants' electrical workers are paid on an hourly basis without overtime.

61. Even if Defendants paid its electrical workers a salary, their duties would not satisfy any of the FLSA's exemptions.

62. All of Defendants' electrical workers perform the same general duties.

63. Defendants hire electricians, master electricians, and electrician apprentices.

64. All electricians perform the same general work.

65. Plaintiff was an electrical apprentice.

66. In general, apprentices are less experienced and/or lack the industry certifications carried by a master electrician.

67. However, all electricians are paid an hourly rate without overtime.

68. All electricians work the same hours.

69. Over the last three years, nationwide, Defendants have employed at least 20 electricians (of all classifications-master electricians, apprentices).

70. Plaintiff's and the Class Member's work was integrated into and integral Defendants' electrical operations.

71. Defendants provided Plaintiff with all the necessary tools that he needed to perform his work.

72. Defendants hired Plaintiff in Texas.

73. Defendants supervised Plaintiff's work.

74. Plaintiff did not invest in EB Elite Power, LLC.

75. Defendants had workers' compensation coverage for Plaintiff.

76. Over the last three years, nationwide, Defendants have employed at least 50 electricians (of all classifications-master electricians, apprentices).

77. Defendants knew or showed reckless disregard for whether Plaintiff and the other electrical workers were entitled to overtime pay under the law.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

78. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

79. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

80. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS

81. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

82. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendants' misclassification of its employees as exempt from overtime.

83. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendants.  Plaintiff personally worked with other electrical workers under the same compensation structure at multiple job sites for Defendants.

84. Defendant has employed over 20 other hourly rate paid electrical workers in the three years prior to the filing of this lawsuit that were, like Plaintiff, not paid any overtime.

85. Other workers similarly situated to the Plaintiff worked for Defendants throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

86. Although Defendants permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendants denied them full compensation for their hours worked over forty (40).

87. Defendants misclassified and continues to misclassify FLSA Class Members as exempt employees.

88. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendants.

89. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

90. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

91. All electrical workers regardless of experience are similarly situated because all are affected by the same FLSA violation—namely the payment of straight time for overtime.

92. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of any FLSA Class Member.

93. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

94. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

95. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

96. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

97. Defendants' conduct was willful and/or with reckless disregard of the FLSA.

98. Defendants did not act in good faith.

99. As such, the class of similarly situated Plaintiff for the FLSA Class is properly defined as follows:

> All current and former electrical workers, and all employees with substantially similar duties, who worked for Defendants at any time during the three-year period before the filing of this Complaint and were paid an hourly rate.

## JURY DEMAND

100. Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

101. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all electrical workers and all similarly situated employees to permit them to join this action by filing a written notice of consent;

   b. A judgment against Defendants awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

  c. An order awarding attorneys' fees and costs;

  d. Such other and further relief as may be necessary and appropriate.

          Respectfully submitted,


         By: */s/ Beatriz Sosa-Morris*
         Beatriz-Sosa Morris
         SOSA-MORRIS NEUMAN, PLLC
         BSosaMorris@smnlawfirm.com
         Texas State Bar No. 24076154
         5612 Chaucer Drive
         Houston, Texas 77005
         Telephone: (281) 885-8844
         Facsimile: (281) 885-8813

         LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND
         CLASS MEMBERS